

## In the United States Court of Federal Claims

No. 18-311C

(Filed: May 2, 2018)

FILED

MAY - 2 2018

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| DRAKE FINCH,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DISMISSAL ORDER

Plaintiff, who is incarcerated at the Texas Department of Criminal Justice, French Robertson Unit in Abilene, Texas filed this civil action against the United States of America on February 28, 2018. See ECF Nos. 1, 2. The court issued an order on March 5, 2018, granting plaintiff's motion to proceed in forma pauperis and directing plaintiff to

> Within thirty (30) days of the date of this order, on or before **April 4, 2018**, plaintiff is **ORDERED** to **FILE** the enclosed **Prisoner Authorization Form** to authorize payment of the full filing fee from the prisoner's prison trust account.[]
>
> If plaintiff fails to comply with this order within thirty (30) days, this action will be dismissed without prejudice for failure to prosecute under Rule 41 of Rules of the United States Court of Federal Claims.

ECF No. 6. (order) (footnote omitted).

Plaintiff's prisoner authorization form was due to have been filed on April 4, 2018, thirty days from the filing of the court's March 5, 2018. On April 3, 2018, defendant filed a motion to dismiss, pursuant to Rules 12(b)(1) and (6) of the Rules of the

7017 1450 0000 1346 4773

United States Court of Federal Claims (RCFC). Plaintiff's response to defendant's motion to dismiss is due on May 1, 2018.[1] As of the filing of this order, plaintiff has not responded to the court's March 5, 2018 order. Accordingly, pursuant to RCFC 41(b), the Clerk's Office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint, with prejudice, for failure to prosecute.

**IT IS SO ORDERED**.

*[signature]*
PATRICIA E. CAMPBELL-SMITH
Judge

---

[1] The court has reviewed the government's motion in detail and it appears that defendant has demonstrated that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. Therefore, even if plaintiff filed its prisoner authorization form, on the basis of the authorities cited by defendant, in the absence of any contrary precedent proffered by plaintiff, the court would be obliged to grant defendant's dispositive motion dismissing the subject matter.